UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAKEA A. PERRY-STRONG and
PAUL J. STRONG,

                      Plaintiffs,

                                                     **Hon. Hugh B. Scott**

                      v.                                        05CV282A

                                                     **Report
&
Recommendation**

UNITED STATES OF AMERICA,

                      Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 5). The instant matter before the Court is defendant's motion (Docket No. 2) to dismiss. The Court issued a briefing schedule calling for responses to this motion by August 5, 2005, reply by August 12, 2005, and the motion deemed submitted as of August 12, 2005 (Docket No. 6). Plaintiffs filed a response on August 5, 2005 (Docket No. 7) and defendant replied on August 12, 2005 (Docket No. 8).

## BACKGROUND

This is a federal tort claim against the United States arising from a December 15, 2003, vehicle accident involving plaintiff Lakea Perry-Strong ("Perry-Strong"). Perry-Strong filed a claim with the United States Postal Service on February 13, 2004, while plaintiff Paul Strong ("Strong") filed his claim for consortium losses arising from Perry-Strong's accident on

January 7, 2004 (Docket No. 4, Pupillo Decl. ¶¶ 4, 3, Exs. B, A). On March 16, 2004, the Postal Service mailed its denial of Perry-Strong's claim, and earlier on February 12, 2004, the Postal Service denied Strong's claim (id. ¶¶ 6, 5, Exs. E, F, C, D). Plaintiffs filed this Complaint on April 21, 2005 (Docket No. 1).

In its motion to dismiss, the United States argues that under the Federal Tort Claims Act, 28 U.S.C. §§ 2675(a), 2401(b), plaintiffs had six months from the mailing of the denial notices to commence a tort claims action (see generally Docket No. 3, Def. Memo.). Plaintiffs admit that they did not file within six months of the mailings of the denial notices (Docket No. 7, Pl. Memo. at unnumbered page 3).

## DISCUSSION

The Federal Tort Claims Act ("FTCA") is a limited waiver of the United States government's sovereign immunity, and any waiver of that immunity must be strictly construed in the government's favor, see Library of Congress v. Shaw, 478 U.S. 310, 318 (1986)(superceded on other grounds). "To commence an action under the FTCA, a plaintiff must comply with the statute's strictly construed prerequisites." Santiago v. United States of America, No. CV-02-4896, 2004 WL 758196, at *1 (E.D.N.Y. Jan. 28, 2004) (citing Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2nd Cir. 1999)). Otherwise, this Court lacks jurisdiction over the action, Santiago, supra, 2004 WL 758196, at *1; In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 214 (2nd Cir. 1987), cert. denied, 484 U.S. 1004 (1988). The burden is on plaintiffs to plead and prove compliance with the FTCA's statutory requirements. In re Agent Orange, supra, 818 F.2d at 214.

Here, the FTCA requires plaintiffs to file an action within six months of the Postal Service's denial of their claim. 28 U.S.C. § 2401(b) ("forever" barring claim if not filed within six months of mailing of agency denial). The denial of Perry-Strong's claims was issued on March 16, 2004; six months from that date was September 16, 2004. The Postal Service denied Perry's claim on February 12, 2004; six months from that date was August 12, 2004. Plaintiffs filed this action six to seven months later, on April 21, 2005.

Plaintiffs, in response, argue that this Court should exercise its discretion and equitably toll this limitations period, stating that they did not know the magnitude of Perry-Strong's injuries until near the end of the limitations period and with continued consultation and treatment as late as April 2, 2005 (Docket No. 7, Pls. Memo. at unnumbered pages 4-5). They do not argue that the government somehow tricked or induced them to delay commencing this action. First, this does not explain why Perry failed to file a complaint for his loss of services and consortium (see Docket No. 1, Compl. ¶¶ 16, 17) sooner where that claim was not dependent upon the full extent of Perry-Strong's medical condition. Second, while this Court has discretion to equitably toll this statute of limitations, see Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); Doe v. Menefee, 391 F.3d 147, 159-60 (2d Cir. 2004); Czernicki v. United States Dep't of Justice, No. 04-4058, 2005 U.S. App. LEXIS 12633 (2d Cir. June 24, 2005), such a toll is granted in exceptional circumstances. In Czernicki, cited by all parties (Docket No. 7, Pls. Memo. at unnumbered pages 3-4; Docket No. 8, Def. Memo. at 3), the Second Circuit held that there was no evidence of extraordinary circumstances to warrant the toll. 2005 U.S. App. LEXIS 12633, at *4. The fact that Perry-Strong needed additional evaluations and treatments, by themselves, is not so extraordinary as to warrant a toll of the limitations period in this case.

Plaintiffs do not cite authority holding that this type of situation was extraordinary enough to toll the statute of limitations. The Postal Service denied plaintiff Perry-Strong's claim because the agency's investigation found no negligence or omission on its part (Docket No. 4, Ex. E, see id. Ex. C), and not due to insufficient proof or delineation of injury. So Perry-Strong's subsequent examination and treatment (Docket No. 7, Pl. Memo. at unnumbered pages 4-5) are immaterial to justify why the Complaint was filed months after the running of the six-month statute of limitations.

As defendant argues (Docket No. 8, Def. Reply Memo. at 4), plaintiffs failed to exercise due diligence in pursuing their claims and lack of due diligence does not constitute an exceptional circumstance to warrant a toll. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). The equitable tolling does not extend to "a garden variety claim of excusable neglect." Irwin, supra, 498 U.S. at 96. Thus, neither plaintiff presents evidence to justify the over half year delay in commencing this action once the Postal Service rejected their claims. Plaintiffs' claims are time barred and should not be equitably tolled.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion (Docket No. 2) to dismiss be **granted** because plaintiffs' claims are time barred without tolling.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       August 16, 2005